# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEEL GOBAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-02884-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Jamaica who last entered the United States on June 24, 2016 as a B-2 visitor with authorization to remain in the United States for a temporary period not to exceed December 23, 2016. Petitioner remained in the United States beyond December 23, 2016 without authorization. On or about December 2, 2025, Petitioner was taken into immigration custody after being arrested for possession of a controlled substance without prescription. (ECF No. 9-1 at 2.[1])

On April 16, 2026, Petitioner filed a petition for writ of habeas corpus challenging his prolonged detention without a bond hearing. (ECF No. 1 at 6–7.) The Court construed the

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

petition as also “raising claims challenging the statutory authority of Petitioner’s detention.” (ECF No. 8 at 1.) On April 21, 2026, Respondents filed a response. (ECF No. 9.) To date, no traverse has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. “Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.” Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

“Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) (‘Section 1225(b)’), 1226(a) (‘Subsection A’), 1226(c) (‘Subsection C’), and 1231(a) (‘Section 1231(a)’).” Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). “Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens ‘[e]xcept as provided in [Subsection C].’” Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). “[D]etention under Subsection A is discretionary” and “provides for release on bond or conditional parole.” Avilez, 69 F.4th at 529.

Respondents argue that “[a]s a visa overstay, [Petitioner] is eligible for a bond hearing but he has not yet requested one in his underlying immigration proceed[ing]. Petitioner is permissibly detained pending a final order of removal pursuant to 8 U.S.C. § 1226(a).” (ECF No. 9 at 1.) Petitioner has not filed a traverse.

> As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when “(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.”

> *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).
>
> However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Singh v. Warden, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *3 (E.D. Cal. May 13, 2026).

Here, Respondents acknowledge that Petitioner is subject to discretionary detention under § 1226(a), which provides for release on bond, and Petitioner does not contest Respondents' assertion that Petitioner has not yet requested a bond hearing in his immigration proceedings. Further, Petitioner has not established that seeking a bond hearing in immigration court would be inadequate or futile. Accordingly, the Court recommends finding that the petition should be dismissed for failure to exhaust administrative remedies.

## III.

## RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days

after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge